## STATE *EX REL.* HAY v. FARNUM.

OFFICE—LEGISLATURE—COMMITTEE — CONCURRENT RESOLUTION — CONSTI-
TUTION—MANDAMUS—PAPERS—BOOKS.—A county dispenser is a State officer, and the books, papers, letters, etc., in the dispensary kept by him are presumed to belong to the office, and as such are subject to inspection and examination by a committee appointed and author-ized to do so under concurrent resolution of the General Assembly, and such inspection and examination by the committee acting under such resolution is not within the State and Federal constitutional inhibi-tions against unreasonable searches and seizures, but where it is seriously stated under oath that papers in such office do not belong thereto but are private papers, neither the committee nor the officer have the right to decide that question for itself or himself, but upon application the Court will take the papers, and if upon examination it concludes that any of them pertain to the affairs of the office, it will issue a writ of mandamus requiring such officer to submit them to the committee.

Petition for writ of mandamus in the original jurisdiction of this Court by J. T. Hay, J. F. Lyon and Neils Christensen, Jr., against Jas. S. Farnum.

*Messrs. J. T. Hay* and *J. F. Lyon,* for petitioners, cite: *A concurrent resolution need not have enacting words:* 67 S. C., 324. *Title expresses contents of resolution:* 18 S. C., 466; 23 Ency., 1 ed., 235, 239. *Office of concurrent resolutions:* 2 Strob. L., 250. *Constitutional inhibition against searches does not apply to Legislature:* 25 Ency., 2 ed., 149; 166 U. S., 661. *That provision in Federal Constitution applies only to Federal government:* 25 Ency., 2 ed., 145: 40 S. C., 363.

*Messrs. Mordecai & Gadsden,* contra, cite: *The resolution is not constitutional:* Con. 1895, art. III., secs. 6, 17, 18; art. IV., sec. 24; 1 Wash. T., 115; 67 S. C., 324. *The act of the committee is an unlawful search:* Con. 1895, art. I., sec. 16; Cool. Con. Lim., 4 ed., 357, 367; 5 Coke, 91; 1 Smith Leading Cas., 183; 2 Wils., 151, 275; Broom Con. Law, 613; Burr, 1742; 15 Hansard's Debates, 1393-1418; 16 Ibid., 6, 209; De Solme on English Con. C., 18; Story on Con., secs. 1901, 1902; 10 Johns, 263; 11 Johns, 500; 29 L. R. A., 819; 6 Biss., 379; 116 U. S., 616; 103 U. S., 168; 166 U. S., 661.

December 22, 1905. The opinion of the Court was delivered by ·

Mr. Justice Woods. This petition for mandamus alleges that J. T. Hay, C. L. Blease, Neils Christensen, Jr., T. B. Fraser, J. F. Lyon, A. L. Gaston and J. B. Spivey were, by a concurrent resolution passed on the 25th day of January, 1905, appointed a joint committee of the Senate and House of Representatives to investigate the affairs of the State Dispensary, and as a means to that end the resolution provided that the committee "shall have access to all the books and vouchers and other papers of the said institu-

tion or any officer or employee thereof," that it became
necessary in the course of the investigation so authorized
for petitioners J. T. Hay, B. F. Lyon and Neils Christensen,
Jr., as a sub-committee of the joint committee, to inspect
and examine all books, letters, vouchers and other papers in
possession of J. S. Farnum, as dispenser of dispensary No.
12, in the city of Charleston. The petition further alleges:

"That on the 17th day of June, 1905, an alternative writ
of mandamus was issued by Chief Justice Y. J. Pope, com-
manding the said J. S. Farnum to deliver to petitioners for
inspection all books, papers, letters, letter-files, vouchers and
other papers and records in his dispensary No. 12, or that
he show cause to the contrary; that said writ was duly and
legally served on respondent on the 20th day of June, 1905.

"That in obedience to said writ respondent allowed peti-
tioners to inspect letter-files and other papers called for in
his dispensary No. 12, in Charleston, S. C., but stated to
petitioners, J. Fraser Lyon and Neils Christensen, Jr., that
he had, in anticipation of petitioners making demand to be
allowed to inspect said letter-files and papers in his place of
business, removed such letters and papers from the file in
said dispensary No. 12, as he did not wish petitioners to
see; that said respondent stated that said letters and papers
which were removed from dispensary No. 12, were his pri-
vate matters, which petitioners had no right to inspect.

"That thereupon petitioners made demand upon the said
J. S. Farnum to deliver to them for inspection all of the
letters and other papers which had been removed from dis-
pensary No. 12, under the circumstances hereinbefore al-
leged, but respondent refused to allow petitioners to inspect
said papers and letters.

"That many of the letters and papers removed from said
dispensary No. 12 and placed beyond the reach of said com-
mittee, as your petitioners are informed and believe and so
allege, bear directly upon and give information concerning
matters which petitioners are authorized and ordered to
investigate under the terms of the said resolution; that if

the said J. S. Farnum is allowed to withhold the said letters and papers from your petitioners they will be hindered and circumvented in carrying out the terms of said concurrent resolution and the State will be deprived of the benefit of the information contained in said letters and papers."

The petitioners pray for a writ of mandamus commanding J. S. Farnum "to immediately deliver into the possession of petitioners for inspection all letters, papers, vouchers and books removed from dispensary No. 12, in Charleston, S. C., and all books, papers, vouchers and records in his possession or under his control relating to the affairs of the dispensary, or of any officer, employee, or agent thereof. 2. That the said J. S. Farnum be restrained and enjoined from removing, making away with or putting beyond the reach of your petitioners any of said letters or papers covered by the provisions of said concurrent resolution."

An order was made by the Chief Justice on July 15th, 1905, requiring the defendant to show cause at his chambers on July 25th, 1905, why the writ of mandamus should not issue as prayed for, and in the meantime enjoining the defendant from removing, secreting or placing the documents referred to beyond the reach of the petitioners. The defendant denied the committee had any power whatever, because the subject of the resolution under which it was appointed was not expressed in the title, because it lacked the style: "Be it enacted by the General Assembly of the State of South Carolina," and because the several readings, the signature of the Governor and other formalities necessary under the Constitution to give a bill or joint resolution force of law, were not complied with. The defendant further insists the resolution is null and void and this proceeding cannot be maintained thereunder, because it violates the provisions of the Federal Constitution and the State Constitution, which provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated and no warrant shall issue but upon probable cause, supported by oath or

affirmation, and particularly describing the place to be searched and the person or thing to be seized."

Finally, the defendant alleges he has exhibited to the committee all books and other documents in dispensary No. 12, which relate to that business, and that he has removed only those which related to his private business, having no relation whatever to the dispensary.

This return was traversed, the petitioners denying the legal conclusions stated by the defendant, submitting the question involved to the determination of the Court, and alleging that the office held by the defendant was a public office subject to examination by any committee of the General Assembly authorized to make such examination, and that the books, papers and documents therein are public records subject to like examination.

The issues of fact were referred by the Chief Justice to a referee and upon the coming in of his report this Court made the following order: "By an order heretofore made in this cause by the Chief Justice, it was referred 'to Jas. F. Izlar, Esquire, as special master, to take such testimony as may be offered by the parties respectively on the issues of fact presented by the pleadings, and to report the same to the Court together with his conclusions of fact.'

"The special master has submitted the testimony taken, but by agreement of counsel omitted to report his conclusions of fact. The main issue of fact is whether the books, papers, letters, vouchers and records removed from dispensary number twelve, in the city of Charleston, and now in the possession or under the control of the defendant, relate 'to the affairs of the dispensary, or any officer, employee or agent thereof,' or to the private affairs of the defendant. Aside from the presumption that such documents kept in the dispensary related to its business, there is practically no testimony on the subject. The documents were not produced before the master, and opinions expressed by witnesses in giving their testimony, cannot be accepted as determining the character of the papers.

"To the end, therefore, that the Court may be informed as to the nature of all the books, papers, letters, vouchers and records taken by the defendant, or any of his agents, attorneys or servants, from dispensary No. 12, in the city of Charleston, it is ordered, that the defendant produce before this Court, on Monday, December 11th, 1905, at 10 o'clock in the forenoon, all such books, papers, letters, vouchers and records so taken from the said dispensary. This order is not to be construed as determining or indicating any opinion of the Court as to any question of law or fact involved in the cause.

"It is further ordered, that this order be forthwith served upon the defendant Jas. S. Farnum."

In compliance with this order certain letters and other documents have been produced and are now in the hands of the Court.

It is quite true that no action of the General Assembly by whatever name it may be called can have the force of law binding on the citizens of the State generally without complying with the statutory requirements above referred to, and relied on by the defendant. But no attempt is made to give any such effect to the concurrent resolution here under consideration.

Subject to his constitutional rights every officer of the State administers his office as required by acts passed by the General Assembly. To enable the General Assembly to legislate intelligently, it is not only its right but its duty to obtain information as a basis of future legislative action as to every public office and institution in the State. It would indeed be a startling proposition to lay down that the legislative department of the State government is without power to examine public offices and records through its committees appointed for that purpose without the passage of a law conferring such power.

In *Pinckney* v. *Hennegan*, 2 Strob., 250, the Court had under consideration the force of a concurrent resolution providing that a certain commission to be appointed by the

Governor should have access to the books of the Secretary of State. The Secretary of State refused the commission access to his books and an application was made for a writ of mandamus. Judge O'Neal says: "The third objection, that the resolution or reports of the committee concurred in have not the power of acts, and that an act was necessary to compel the Secretary of State to submit to the will of the Legislature in reference to this office, is also, I think, without just foundation. It is very true that neither reports nor resolution have the power of an act, their whole office and legal effect is as a formula for acts or directory to the offices or agents of the State. It is in this last point of view that these operate." As to the records themselves he says: "I think there is nothing in the second objection made to the answer, to wit: that the respondent has the care and custody of the records and that the relator cannot have access to them but by the respondent's consent, obtained on payment of the fees of the office for search and copies. The public records in the Secretary of State's office do not belong to the Secretary; *they are the property of the State.* He is the mere keeper under her authority, whatever she wills about them he is bound to obey."

The defendant's claim that the resolution contemplated unreasonable search of private papers is based upon a complete misapprehension of his position. The State has undertaken to take charge of the entire liquor business of the State and to prohibit any private person or corporation from dealing in liquor, except as they may find warrant in the Constitution and laws of the United States.

The defendant, as a dispenser, is an officer of the State, keeping for it a dispensary in the city of Charleston. He has no right to any private business connected with the dispensary and presumably has no such business. All books, documents and letters in that dispensary *prima facie* relate to the public business and are open to examination by any committee of the General Assembly. The offices and place of business of the dispensary stand precisely in the same

relation to the State, as the State Treasurer's office. The proposition would not be countenanced for a moment, indeed, it would hardly be advanced, that that officer upon the entry into his office of a legislative committee of investigation, could withdraw from his office beyond the reach of investigation all papers that he might designate as private and deny the right of inquiry into their character, on the ground that such an examination would be an unreasonable search of private papers. In such cases, however, neither the officer nor the committee can be the final arbiter as to the character of the papers. If the question is seriously made under oath, that by any means private papers, in no wise relating to the duties of the office or its affairs, happen to be actually in the office, it is the duty of the Courts under proper proceedings to inquire into the matter as a judicial question, examine the papers themselves to ascertain whether the papers relate to private affairs contrary to the presumption that they are public documents. It is the plain and obvious public duty of any officer to keep books, letters and other documents relating to the business of his office and to the manner in which he has discharged or failed to discharge its duties in the place where the public business with which he is charged is conducted, subject to examination by any of the committees appointed by the General Assembly, and upon an application for mandamus to compel him to perform this obvious public duty, it is essential for the Court to ascertain the facts and inform itself whether there has been an actual removal of public documents or other public property and a refusal to restore them for examination. This the Court has in this case undertaken to do by a careful examination of the papers themselves. That examination has disclosed a number of papers relating to the defendant's transactions in spirituous liquors. All such papers are public documents subject to the examination of the committee for the reason that they relate either to the rightful discharge of the duties of the office of the defendant or to his violation of the official trust reposed by the State in him, by dealing with

liquors in a manner forbidden by law. It is difficult to conceive any foundation for the contention that the examination of such documents can be denied to the committee as an unreasonable search of private papers. From the papers submitted to the Court, all those which refer to dealing in spirituous liquors have been separated and placed on file in the office of the Clerk of this Court under seal; these are subject to the examination of the committee.

It is, therefore, ordered, that a writ of mandamus be issued requiring the defendant, as dispenser No. 12 in the city of Charleston, to turn over to the committee the papers and documents now on file with the clerk of this Court as the public documents of dispensary No. 12, on such day and at such hour as the committee may designate, on twenty-four hours notice to the defendant or his attorney; such transfer to be made in the presence of the clerk of this Court with a right to the defendant to be present at the examination by the committee of such papers. After the completion of such examination, it is further ordered, that said papers be returned to dispensary No. 12, in the city of Charleston.